**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UMBRA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ELECTROLUX CONSUMER PRODUCTS, | ) |
| INC., d/b/a ELECTROLUX HOME | ) |
| PRODUCTS, INC., d/b/a/ FRIGIDAIRE | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Umbra LLC ("Umbra") hereby asserts claims against Electrolux Consumer Products, Inc., d/b/a Electrolux Home Products Inc., d/b/a Frigidaire, for infringement of U.S. Patent No. 9,907,453 (the "'453 patent"), as follows:

## THE PARTIES

1.      Plaintiff Umbra is New York limited liability company having its principal place of business at 1705 Broadway Street, Buffalo, New York 14212.

2.      On information and belief, Defendant Electrolux Consumer Products, Inc. ("Electrolux Consumer Products," "Electrolux," or "Defendant") is a corporation organized under the laws of Delaware, file number 3029774, with a principal place of business at 10200 David Taylor Drive, Charlotte, NC 28262.

3.      On information and belief, Electrolux Consumer Products, Inc. makes, has made, sells, offers to sell, imports, designs, and/or licenses products and services, including the accused product in the present action, under the entity name "Electrolux Home Products, Inc." Such products include various items offered under the "Frigidaire" brand name.

4.      On information and belief, Electrolux Consumer Products, Inc. is the registered owner of various United States marks for FRIGIDAIRE, such as U.S. Registration No. 4743718 for "Portable plastic containers for storing household and kitchen goods; plastic storage containers for household or domestic use."

5.      The North Carolina Secretary of State's records indicate that an entity named "Electrolux Home Products Inc." withdrew its registration as an entity doing business in North Carolina on June 28, 2024, (https://www.sosnc.gov/online_services/ search/profile_filings/4770823) (last accessed April 7, 2025). However, on information and belief defendant Electrolux Consumer Products, Inc. maintains information, last updated in 2025, indicating that "Electrolux Home Products Inc." has a principal place of business at 10200 David Taylor Drive, Charlotte, NC 28262. For example, Electrolux's website maintains contact information for "Electrolux Home Products, Inc." at this address. (e.g. https://www.electrolux.com/en/privacy-policy (last accessed April 7, 2025) ("Electrolux Privacy Statement" purporting to be last reviewed March 31, 2025 and providing contact information for "Electrolux Home Products, Inc." at 10200 David Taylor Dr., Charlotte, NC, 2826).

6.      On information and belief, the unregistered entity "Electrolux Home Products, Inc." is an alias for defendant Electrolux Consumer Products, Inc.. Defendant Electrolux Consumer Products, Inc. maintains a live registration to do business in North Carolina and is headquartered at the same location at which the Electrolux website purports "Electrolux Home Products, Inc." to be located (i.e., 10200 David Taylor Dr., Charlotte, NC, 2826).

7.      Additionally, a trademark assignment record from the U.S. Patent and trademark office indicates that the mark (registration no. 4743718) FRIGIDAIRE for "Portable plastic containers for storing household and kitchen goods; plastic storage containers for household or

2

domestic use," was conveyed by Electrolux Home Products, Inc. to Electrolux Consumer Products, Inc. on or before June 25, 2024, prior to Electrolux Home Products' Inc. notice of dissolution on June 28, 2024:

| Assignment 2 of 2 | |
|---|---|
| **Conveyance:** ASSIGNS THE ENTIRE INTEREST | |
| **Reel/Frame:** 8491/0095 | **Pages:** 16 |
| **Date Recorded:** Jun. 25, 2024 | |
| **Supporting Documents:** assignment-tm-8491-0095.pdf | |
| **Assignor** | |
| **Name:** ELECTROLUX HOME PRODUCTS, INC. | **Execution Date:** Feb. 14, 2024 |
| **Legal Entity Type:** CORPORATION | **State or Country Where Organized:** DELAWARE |
| **Assignee** | |
| **Name:** ELECTROLUX CONSUMER PRODUCTS, INC. | |
| **Legal Entity Type:** CORPORATION | **State or Country Where Organized:** DELAWARE |
| **Address:** 10200 DAVID TAYLOR DRIVE CHARLOTTE, NORTH CAROLINA 28262 | |
| **Correspondent** | |
| **Correspondent Name:** MR. CARL PIERCE | |
| **Correspondent Address:** 10200 DAVID TAYLOR DR CHARLOTTE, NC 28262 | |
| **Domestic Representative - Not Found** | |

https://tsdr.uspto.gov/#caseNumber=86452979&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last accessed April 13, 2025). On information and belief, this mark registration relates to the infringing "Frigidaire"-branded product to which this action relates, and these records indicate defendant Electrolux Consumer Products, Inc. is thus the present owner of the relevant mark.

8.      Thus, further on information and belief, defendant Electrolux Consumer Products, Inc. is the successor-in-interest to Electrolux Home Products, Inc.

9.      In previous litigation (prior to its 2024 notice of dissolution), the entity Electrolux Home Products, Inc. indicated that it was a "U.S. subsidiary of Electrolux North America, Inc. ('ENA'), which is a subsidiary of AB Electrolux (these and other related companies are under the umbrella of the 'Electrolux Group'), a Swedish home-appliance manufacturer." (*Electrolux Home*

*Products, Inc. v. Aquamor, LLC*, (Complaint, E.D. Cal. D.I. #1)). On information, and belief, Electrolux Consumer Products, Inc. bears the same relation to these corporate parents as did Electrolux Home Products, Inc.

## JURISDICTION AND VENUE

10.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*

11.    Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

12.    This Court has personal jurisdiction over Defendant Electrolux. Defendant has committed and continues to commit, has contributed to and continues to contribute to, and has induced and continues to induce, acts of infringement of the Patents in this District. Defendant has purposefully conducted and continues to conduct business in this District and availed itself of the benefits of this District in a continuous and systematic manner such that that it should anticipate being brought into court in this District.

13.    This Court also has personal jurisdiction over Defendant because Defendant is a corporation organized and existing under the laws of Delaware.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because defendant is incorporated in Delaware and thus resides in this District.

## THE PATENT-IN-SUIT

15.    U.S. Patent No. 9,907,453 (the "'453 Patent" or the "Asserted Patent"), entitled "COMBINATION DISH DRYING MAT AND RACK," was lawfully issued by the United States Patent and Trademark Office on March 6, 2018. The `453 patent issued on United States Patent Application No. 14/978,506, filed December 22, 2015. A copy of the `453 patent is attached to this Complaint as Exhibit A.

16. The `453 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

17. Plaintiff Umbra is the owner of the Asserted Patent with the right to prevent infringement of its patent rights.

## NATURE OF THE ACTION AND THE ACCUSED PRODUCT

18. Umbra designs, makes, and sells innovative homegoods and housewares in the United states and worldwide.

19. In order to protect its innovative designs and the intellectual property associated with them, Umbra has sought and obtained patent protection from the United States, including both design patents and utility patents. Among these is the '453 Patent asserted in this action.

20. The Electrolux Group manufactures appliances and homegoods, including under its Frigidaire brand, and is a competitor of Umbra in the United States.

21. As the owner of the '453 Patent, Umbra has the right to prevent others from making, using, selling, offering to sell, or using products embodying the '453 Patent without authorization, and to otherwise prevent the infringement of the '453 Patent.

22. In violation of Umbra's Patent rights, Defendant Electrolux makes, sells, offers to sell, and/or uses the "Deans Dish Drying Mat with Rack" (the 'Accused Product') under its 'Frigidaire' brand in the United States. The Amazon.com listing for this product is visible below (last accessed April 17, 2025).



**Frigidaire**

Deans Dish Drying Mat with Rack, Super Absorbant, Machine Washable, Large Surface, 15" x 20", Grey

4.6 ★★★★★ ∨ (7)

$15²³ List: $15.99

23.     The Accused Product bears a label indicating that it is a Frigidaire Product, and indicates that Frigidaire mark is owned by "Electrolux Home Products, Inc." which on information and belief is an alias of Defendant Electrolux Consumer Products, Inc.

 

24.     On information and belief, "Splash Home" is a Canadian corporation headquartered in Montreal that manufactures the Accused Product for Defendant.

25.     On information and belief, the Accused Product is not listed or available directly from Splash Home's website (https://www.splash-home.com/) (last accessed April 17, 2025) and is only available under Electrolux's "Frigidaire" mark and through retail channels that sell Defendant's goods, such as the "Frigidaire Store" online storefront on Amazon.



(From results for "Dean's Drying Mat" search on the Frigidaire Store on Amazon, https://www.amazon.com/stores/page/66B2978B-0082-401C-BCFE-5AEAFD4BF140/search?terms=dean%27s%20drying%20mat) (last accessed April 17, 2025).



("About Us" page of "Frigidaire" Store", https://www.amazon.com/stores/page/09DA040F-1A39-4C87-BF55-9F1EC7B7ADAA) (last accessed April 17, 2025)

26.    On information and belief, Defendant controls the design, manufacture, importation, sale, or other disposition of the Accused Product in the United States.

27.    The Accused Product infringes one or more claims of the '453 Patent. An exemplary claim chart showing infringement of Umbra's '453 Patent exemplary claim 1 is attached to this Complaint as Exhibit B.

28.    Umbra notified Electrolux about its infringement of the '453 Patent, including through letters sent on February 3, 2025, and February 28, 2025 to the contact address listed on Electrolux's website.

## MARKING

29.     Umbra makes, sells and/or offers to sell the innovative "Udry" dish drying rack with mat. This product (the "Covered Product") embodies the '453 Patent.

30.     In accordance with the requirements of 35 U.S.C. §287. the Covered Product is marked with the '453 Patent.

31.     Umbra has complied with all obligations under 35 U.S.C. §287.

## COUNT 1: INFRINGEMENT OF THE '453 PATENT

32.     Umbra repeats, realleges, and incorporates by reference each of the preceding paragraphs of this Complaint as if fully incorporated and set forth herein.

33.     Electrolux, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has directly infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the '453 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing products protected thereby within the United States and within this District. By way of example and without limitation, Electrolux has directly infringed at least claim 1 of the '453 Patent through its productions, importation, sale and/or offers to sell the Accused Product.

34.     Electrolux also indirectly infringed the '453 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

35.     Electrolux knowingly, intentionally, and actively aided, abetted, and induced others to directly infringe at least one claim of the '453 patent.

36.     Electrolux contributorily infringed and is contributory infringers because, with knowledge of the '453 patent, Electrolux supplied a material part of a claimed combination, where

the material part was not a staple article of commerce and was incapable of substantial non-infringing use.

37.    Alternatively, Electrolux knew that there was a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constituted direct infringement of the '453 patent but took deliberate actions to avoid learning of these facts.

38.    As a consequence of each of Electrolux's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the `453 patent, Umbra has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

39.    Upon information and belief, Electrolux had knowledge that its activities concerning the Accused Products infringed one or more claims of the '453 patent.

40.    Upon information and belief, Electrolux's infringement of the `453 patent has been willful.

### DEMAND FOR JURY TRIAL

41.    Umbra requests a trial by jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Umbra respectfully requests that the Court enter judgment against Electrolux:

A. determining that Electrolux has infringed one or more claims of the `453 patent;

B. ordering Electrolux to account for and pay to Umbra all damages suffered by Umbra as a consequence of Electrolux's infringement of the `453 patent, together with pre- and post- judgment interest and costs as fixed by the Court;

C. declaring that Electrolux's infringement of the `453 patent was and is willful and trebling Umbra's damages under U.S.C. § 284 on that ground;

D. declaring that this case is exceptional and awarding Umbra its costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

E. granting Umbra such other and further relief as the Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael R. Graif
Harold Laidlaw
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800


Dated: April 18, 2025
12182092 / 25026.00001

By:  */s/ David E. Moore*
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Andrew M. Moshos (#6685)
        Malisa C. Dang (#7187)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        dmoore@potteranderson.com
        bpalapura@potteranderson.com
        amoshos@potteranderson.com
        mdang@potteranderson.com

*Attorneys for Plaintiff Umbra LLC*